# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

JESSICA ROBINSON,                  CASE NO.:

    Plaintiff,

vs.

COMENITY CAPITAL BANK,            DEMAND FOR JURY TRIAL

    Defendant.
_____/

## COMPLAINT

**COMES NOW**, Plaintiff, JESSICA ROBINSON (hereafter "Plaintiff"), by and through undersigned counsel, and hereby sues Defendant, COMENITY CAPITAL BANK, (hereafter "Defendant"), and states as follows:

### PRELIMINARY STATEMENT

This action arises out of Defendant's violations of the Florida Consumer Collection Practices Act, Florida Statute §§ 559.55 *et seq.* (hereafter the "FCCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e *et seq.* (hereafter the "FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* (hereafter the "TCPA").

### GENERAL ALLEGATIONS

1. Plaintiff is an individual residing in Pinellas County, Florida.

2. This is an action for damages greater than $15,000.00.

3. Jurisdiction and venue are proper pursuant to 15 U.S.C. § 1692i.

4. Defendant is a foreign limited liability company as registered with the Florida Department of State, Division of Corporations.

5. Defendant is a "Debt Collector," as defined by the FCCPA, Fla. Stat. § 559.55(7) and by the FDCPA, 15 U.S.C. § 1692a(6), and does business throughout the state of Florida, including Pinellas County.

6. Defendant is a "person" subject to regulations under Fla. Stat. § 559.72 and 47 U.S.C. § 227(b)(1).

7. The debt is a "consumer debt" as defined by the FCCPA, Fla. Stat. §559.55(6).

## FACTUAL ALLEGATIONS

8. It is alleged by Defendant that Plaintiff owes a debt to Defendant relating to a Victoria's Secret Account and Express Account, Account Nos. ending in -2510 and -1206, respectively.

9. Plaintiff revoked any prior express consent to contact Plaintiff via cell phone or any other form of communication on January 19, 2016 at 5:18 p.m., through a facsimile transmission to Defendant's facsimile no. 614-729-3117. See facsimile confirmation attached as Exhibit "A."

10. In addition to the request not to be contacted by Defendant, Plaintiff's facsimile transmission directed Defendant to contact Plaintiff's attorney and included the contact information for the law firm.

11. On February 26, 2016, Defendant, on behalf of Victoria's Secret, acknowledged the receipt of Plaintiff's notice as referenced in paragraph 9 above, in a letter sent to Plaintiff's address. See letter from Victoria's Secret attached as Exhibit "B." The letter was not sent to Plaintiff's counsel as directed in Plaintiff's notice of January 19, 2016.

12. On April 5, 2016, Plaintiff sent a second notice to Defendant revoking any prior express contact to contact Plaintiff via cellular telephone or any other form of communication

2

through U.S. mail to Defendant's address, P.O. Box 1882273, Columbus, OH 43218-2273 and through facsimile transmission to Defendant's facsimile no. 614-729-3117. See U.S. Mail delivery confirmation and facsimile confirmation attached as Exhibit "C."

13. On or about April 12, 2016, Plaintiff's attorney received and responded to a letter from Defendant and provided all of Defendant's requested information in an effort to again advise Defendant of undersigned counsel's representation of Plaintiff.  The response was returned to Defendant via U.S. Certified mail. See attached letter and U.S. Mail delivery confirmation attached as Exhibit "D."

14. Plaintiff's cellular telephone number ends in -9962.

15. Defendant knowingly or willfully called Plaintiff's cellular telephone after Defendant had unequivocal notice from Plaintiff to cease any and all calls and after Plaintiff withdrew any prior consent or permission to be contacted.

16. Defendant knowingly or willfully called Plaintiff's cellular telephone after Defendant had unequivocal notice that Plaintiff was represented by an attorney and could readily ascertain the Firm's contact information.

17. Defendant used an automatic telephone dialing system or an artificial or prerecorded voice to place telephone calls to Plaintiff's cellular telephone on the following dates and times listed on the call logs of Plaintiff attached as Exhibit "E."

18. Defendant placed calls to Plaintiff's cellular telephone that included delays in time before the telephone call was transferred to a representative to speak.

19. Plaintiff did not speak with a representative during the phone calls placed by Defendant because there was no representative on the telephone call that spoke or attempted to communicate with Plaintiff after Plaintiff answered the telephone call.

3

20. Plaintiff answered the telephone calls made by Defendant to her cellular telephone in an effort to advise Defendant that she was represented by counsel and to request that she not be contacted pursuant to her prior notices; however, there was no representative on the line when Plaintiff spoke and the call was terminated.

21. Defendant left messages on Plaintiff's cellular telephone that started with a delay in time before the representative joined the line to leave a message.

22. Some of the messages left by Defendant used an artificial or pre-recorded voice that requested a return call from Plaintiff.

23. Plaintiff's attorney did not fail to respond within a reasonable period of time to any communication from Defendant, did not consent to Defendant's direct communication with Plaintiff, and Plaintiff did not initiate any communications.

24. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227 (b)(1)(A).

25. None of Defendant's telephone calls placed to Plaintiff were made with Plaintiff's "prior express consent" as specified in 47 U.S.C. § 227 (b)(1)(A).

26. All conditions precedent to the filing of this lawsuit have been performed or have occurred.

## COUNT I
## VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(7)

27. Plaintiff incorporates all allegations in paragraphs 1-2, 4-23, and 26 as if stated fully herein.

28. Jurisdiction is proper pursuant to Florida Statute § 559.77(1).

29. Defendant violated Florida Statute § 559.72(7) when it willfully communicated with the Plaintiff with such frequency as can reasonably be expected to abuse or harass Plaintiff.

4

30. Specifically, Defendant continued to make numerous telephone calls to Plaintiff's cellular telephone after being notified to no longer call Plaintiff through any means.

**WHEREFORE**, Plaintiff, JESSICA ROBINSON, demands judgment against Defendant, COMENITY CAPITAL BANK, for the following relief:

    a. any actual damages sustained by Plaintiff as a result of the above allegations;

    b. statutory damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

    c. pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiff whole;

    d. in the case of a successful action sustaining the liability of Defendant, pursuant to the FCCPA, Fla. Stat. § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiff; and

    e. any other relief the Court deems just and proper.

## COUNT III
## VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(18)

31. Plaintiff incorporates all allegations in paragraphs 1-2, 4-23, and 26 as if stated fully herein.

32. Jurisdiction is proper, pursuant to Florida Statute § 559.77(1).

33. Defendant violated the FCCPA, Fla. Stat. § 559.72(18), when it knowingly communicated with Plaintiff after it knew Plaintiff was represented by counsel and could reasonably ascertain the name and address of counsel.

34. Specifically, Defendant continued to place phone calls to Plaintiff's cellular telephone despite having actual knowledge, on three separate occasions, that Plaintiff was represented by an attorney.

**WHEREFORE**, Plaintiff, JESSICA ROBINSON, demands judgment against Defendant, COMENITY CAPITAL BANK, for the following relief:

    a.    any actual damages sustained by Plaintiff as a result of the above allegations;

    b.    statutory damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

    c.    pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiff whole;

    d.    in the case of a successful action sustaining the liability of Defendant, pursuant to the FCCPA, Fla. Stat. § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiff; and

    e.    any other relief the Court deems just and proper.

## COUNT IV
## VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(5)

35. Plaintiff incorporates all allegations in paragraphs 1-5, 8-23, and 26 as if stated fully herein.

36. Defendant violated the FDCPA, 15 U.S.C. § 1692c(a)(2), when it knowingly communicated with Plaintiff after it knew Plaintiff was represented by counsel and could reasonably ascertain the name and address of counsel.

37. Specifically, Defendant continued to place phone calls to Plaintiff's cellular telephone despite having actual knowledge, on three separate occasions, that Plaintiff was represented by an attorney.

**WHEREFORE**, Plaintiff, JESSICA ROBINSON, demands judgment against Defendant, COMENITY CAPITAL BANK, for the following relief:

   a.   any actual damages sustained by Plaintiff as a result of the above allegations;

   b.   statutory damages pursuant to 15 U.S.C. § 1692k(a)(2) in an amount up to $1,000.00;

   c.   in the case of a successful action sustaining the liability of Defendant, pursuant to 15 U.S.C. § 1692k(a)(3), costs of the action, together with reasonable attorney's fees incurred by Plaintiff; and

   d.   any other relief the Court deems just and proper.

## COUNT V
## VIOLATION OF THE TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)

38.   Plaintiff incorporates all allegations in paragraphs 1-2, 4, 6, and 8-26 as if stated fully herein.

39.   Jurisdiction is proper pursuant to 47 U.S.C. § 227(b)(3).

40.   Defendant used an automatic telephone dialing system or an artificial or prerecorded voice as defined by 47 U.S.C. § 227(a)(1)(A)(iii) to make telephone calls to Plaintiff's cellular telephone.

41.   Defendant independently violated 47 U.S.C. § 227(b)(1)(A)(iii) for each call that Defendant placed to Plaintiff's cellular telephone using an automatic telephone dialing system or an artificial or prerecorded voice.

42.   The phone calls made by Defendant are considered willing and knowing violations of the TCPA, as Defendant is well aware of the TCPA and its prohibitions.

**WHEREFORE**, Plaintiff, JESSICA ROBINSON, demands judgment against Defendant, COMENITY CAPITAL BANK, for the following relief:

a. statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) in the amount of $500.00 for each of the independent violations occurring after January 19, 2016 at 5:18 p.m.;

b. an increase in the amount of the award to an amount equal to three times the amount available pursuant to 47 U.S.C. § 227(b)(3)(B) where each of Defendant's independent violations were made willfully or knowingly; and

c. any other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues.

Dated this May17, 2016

> **Boss Law**
>
> /s/ Christopher W. Boss
> **Christopher W. Boss, Esq.**
> Fla. Bar No.: 13183
> Service Email: cpservice@protectyourfuture.com
> 9887 Fourth Street North, Suite 202
> St. Petersburg, Florida 33702
> Phone: (727) 471-0039
> Fax:    (888) 503-2182
> **Attorney for Plaintiff**